**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICARDO QUEZADA-GONZALEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-71936

Agency No. A088-761-715

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2013[**]
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Ricardo Quezada-Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order affirming the Immigration

Judge's denial of his application for asylum, withholding of removal, and

protection under the Convention Against Torture. We deny the petition for review.

------

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The asylum claim was denied primarily based on the finding that Petitioner's application was filed untimely. An applicant can excuse the one-year deadline by establishing "changed circumstances" under 8 U.S.C. § 1158(a)(2)(D). In addition, after an alleged changed circumstance, an applicant must apply for asylum within a "reasonable period." 8 C.F.R. § 1208.4(a)(2)(ii). Petitioner did not file his application until more than three and a half years had passed after his mother's arrest. This is not a reasonable period. *See Taslimi v. Holder*, 590 F.3d 981, 986 (9th Cir. 2010) (stating "in most cases, [a delay of one year or more] would not be justified."); *see also Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008) (364-day delay was not reasonable). We are not persuaded by Petitioner's argument that his mother's detention of three and a half years constituted a changed circumstance, but a detention of shorter length was not.

Petitioner waived any challenge to the BIA's denial of withholding of removal when he failed to make any meaningful argument in his opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (holding that Petitioner had waived any withholding of removal and CAT claims because they were not raised in his opening brief). Regardless, substantial evidence supported the BIA's determination that Petitioner failed to establish the requisite nexus between any past persecution, or fear of future persecution, and a protected ground. *See* 8

2

U.S.C. § 1231(b)(3); 8 U.S.C. § 1158(b)(1)(B)(i); *see also Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

Substantial evidence also supported the BIA's denial of CAT relief. Petitioner failed to show that his two past beatings amounted to torture, which constitutes "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman, or degrading treatment or punishment." 8 C.F.R. § 208.18(a)(2); *see Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007) (finding no torture where petitioner had been taken into custody and beaten on four occasions because "it was not clear that these actions would rise to the level of torture."). Furthermore, although Petitioner may be criminally prosecuted, he has not carried his burden of showing that he is likely to be tortured. We note that it does not appear that his mother has been mistreated during her detention.

Petitioner's due process argument is without merit. We have held that the BIA does not have to address every contention presented before it as long as it sufficiently announces its decision. *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004); *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995) (stating "all that we require is that the Board provide a comprehensible reason for its decision sufficient for us to conduct our review and to be assured that the petitioner's case received individualized attention."). The BIA adequately addressed Petitioner's

arguments and nothing in the record indicates a failure of the BIA or IJ to consider all of the evidence before it. *See Cole v. Holder*, 659 F.3d 762 (9th Cir. 2011).

**PETITION DENIED.**